# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ALBERT SAVIOR, #147913**                                    **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 4:09-cv-93-TSL-LRA**

**JIM HOOD**                                                   **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Albert Savior, an inmate at the Mississippi State Penitentiary, Parchman, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]

Petitioner pleaded guilty to possession of cocaine on March 17, 2009, in the Circuit Court of Noxubee County, Mississippi. Petitioner was sentenced to serve five years in the custody of the Mississippi Department of Corrections and three years on probation. Petitioner argues as grounds for habeas relief that the incorrect name was on the indictment and that the state had no evidence.

After reviewing petitioner's application for habeas corpus relief [1] and his response [8] and giving it liberal construction as required by Haines v. Kerner, 404 U.S. 519

---

[1] In his response [10] filed October 6, 2009, petitioner provided the correct respondent as Lawrence Kelly. The clerk is directed to edit the docket accordingly.

(1972), the court has come to the following conclusions.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Applicants seeking federal

2

habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999).

In his response [8] to this court's order [7] inquiring into petitioner's state court exhaustion, petitioner stated that he has not filed any motions in any court regarding his conviction. Resp. [8] p.2. It is clear from petitioner's response that he has not exhausted his state remedies regarding his current conviction. As such, petitioner's application will be dismissed for failure to exhaust his available state remedies.

A final judgment in accordance with this memorandum opinion and order will be issued this date.

SO ORDERED, this the ___13th___ day of October, 2009.

                                /s/Tom S. Lee
                                UNITED STATES DISTRICT JUDGE